**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JAWBONE INNOVATIONS, LLC, | ) | |
| *Plaintiff,* | ) ) ) | Case No. 2:21-cv-0435 |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| AMAZON.COM, INC. and | ) | |
| AMAZON.COM SERVICES, INC., | ) ) | |
| *Defendants.* | ) ) ) | |

**ANSWER AND DEFENSES OF DEFENDANTS
AMAZON.COM, INC. AND AMAZON.COM SERVICES, INC.
<u>TO THE AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>**

Defendants Amazon.com, Inc. and Amazon.com Services, Inc. (collectively "Amazon") answer the Amended Complaint of Plaintiff Jawbone Innovations, LLC ("JI") and set forth their defenses below. To the extent not specifically admitted, JI's allegations are denied. In addition, Amazon denies any allegations that may be implied by or inferred from the headings contained in the Complaint.

## <u>THE PARTIES</u>

1.      Amazon is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies those allegations.

2.      Amazon admits the allegations of Paragraph 2 of the Complaint.

3.      Amazon denies the allegations of Paragraph 3 of the Complaint because Amazon.com Services, Inc. ceased to exist in 2019.

4.      Amazon admits that Amazon.com, Inc. was the parent company of Amazon.com Services, Inc.  Amazon.com Services, Inc. ceased to exist in 2019 upon its conversion to

Amazon.com Services LLC.  Amazon admits that subsidiaries of Amazon.com, Inc. sell virtual assistant smart speakers.  Amazon denies any and all remaining allegations of Paragraph 4.

**JURISDICTION AND VENUE**

5.      Amazon admits that the Complaint purports to be an action arising under the patent laws of the United States, Title 35, United States Code including §§ 1, *et seq*. Amazon further admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C §§ 1331 and 1338(a).  Except as expressly admitted, Amazon denies any and all remaining allegations in Paragraph 5.

6.      For purposes of this action, and this action only, Amazon does not dispute that personal jurisdiction exists in the Eastern District of Texas.  Amazon denies any and all remaining allegations in Paragraph 6.

7.      For purposes of this action, and this action only, Amazon does not dispute that venue is proper in this judicial district pursuant to 28 U.S.C §§ 1391 and 1400(b), but specifically denies that this venue is more convenient for the parties, witnesses, and the interests of justice. Amazon denies any and all remaining allegations in Paragraph 7.

8.      Amazon admits that a subsidiary of Amazon.com, Inc. operates a fulfillment center located in Denton County at 15201 Heritage Parkway, Fort Worth, Texas 76177. Amazon denies any and all remaining allegations in Paragraph 8.

9.      Amazon admits that a subsidiary of Amazon.com, Inc. operates a fulfillment center in this district.  Amazon denies any and all remaining allegations in Paragraph 9.[1]

10.      Amazon denies the allegations in Paragraph 10.[2]

11.      Amazon admits that subsidiaries of Amazon.com, Inc. operate Amazon Lockers in this Judicial District.  Amazon denies any and all remaining allegations in Paragraph 11.

---

[1] The citations in footnote 1 of the Complaint are not factual allegations and, thus, require no response. To the extent any response is required, Amazon denies the allegations.

[2] The citations in footnote 2 of the Complaint are not factual allegations and, thus, require no response. To the extent any response is required, Amazon denies the allegations.

12.     Amazon admits that a subsidiary of Amazon.com, Inc. operates a fulfillment center located in Denton county at 4121 International Parkway, Carrollton, Texas 75007. Amazon denies any and all remaining allegations in Paragraph 12.

13.     Amazon admits that a document available at https://taxweb.dentoncounty .gov/Accounts/AccountDetails?taxAccountNumber=13844849TAR states "2021 Values Personal: 286,857,725" and "Owner Amazon.com Services LLC." Amazon admits that a document available at https://taxweb.dentoncounty.gov/Accounts/AccountDetails?tax AccountNumber=699143DEN states "2021 Values Personal: 137,021,802" and "Owner Amazon.com Services LLC." Amazon admits that a document available at https:// taxweb.dentoncounty.gov/Accounts/AccountDetails?taxAccountNumber=776100DEN states "2021 Values Personal: 27,429,173" and "Owner Amazon.com Services LLC." Amazon denies that any employees with technical or financial knowledge about the accused technology work in any Amazon facilities in the Eastern District of Texas. Amazon further denies that any Amazon source code, technical, or financial documentation relating to the accused technology is located in the Eastern District of Texas. Amazon denies any and all remaining allegations in Paragraph 13.[3]

14.     Amazon admits that subsidiaries of Amazon.com, Inc. have offered products and/or services, including some products accused of infringement, to customers and potential customers in Texas and in this District. Amazon denies any and all remaining allegations in Paragraph 14.

15.     For purposes of this action, and this action only, Amazon does not dispute that personal jurisdiction exists in the Eastern District of Texas. Amazon denies any and all remaining allegations in Paragraph 15.

16.     For purposes of this action, and this action only, Amazon does not dispute that personal jurisdiction exists in the Eastern District of Texas. Amazon denies any and all remaining allegations in Paragraph 16.

---

[3] The links identified in footnotes 4, 5, and 6 of the Complaint are not factual allegations by JI and thus require no response.

## FACTUAL BACKGROUND

17.     Amazon admits that, according to the face of United States Patent No. 9,019,091 ("the '091 Patent"), the '091 Patent issued on September 13, 2011 and is titled "Voice Activity Detector (VAD)-Based Multiple-Microphone Acoustic Noise Suppression."  Amazon denies any and all remaining allegations in Paragraph 17.

18.     Amazon admits that, according to the face of United States Patent No. 7,246,058 ("the '058 Patent"), the '058 Patent issued on July 17, 2007 and is titled "Detecting Voiced and Unvoiced Speech Using Both Acoustic and Nonacoustic Sensors." Amazon denies any and all remaining allegations in Paragraph 18.

19.     Amazon admits that, according to the face of United States Patent No. 8,280,072 ("the '072 Patent"), the '072 Patent issued on October 2, 2012 and is titled "Microphone Array with Rear Venting."  Amazon denies any and all remaining allegations in Paragraph 19.

20.     Amazon admits that, according to the face of United States Patent No. 8,321,213 ("the '213 Patent"), the '213 Patent issued on November 27, 2012 and is titled "Acoustic Voice Activity Detection (AVAD) for Electronic Systems."  Amazon denies any and all remaining allegations in Paragraph 20.

21.     Amazon admits that, according to the face of United States Patent No. 8,326,611 ("the '611 Patent"), the '611 Patent issued on December 4, 2012 and is titled "Acoustic Voice Activity Detection (AVAD) for Electronic Systems."  Amazon denies any and all remaining allegations in Paragraph 21.

22.     Amazon admits that, according to the face of United States Patent No. 10,779,080 ("the '080 Patent"), the '080 Patent issued on September 15, 2020 and is titled "Dual Omnidirectional Microphone Array (DOMA)."  Amazon denies any and all remaining allegations in Paragraph 22.

23.     Amazon admits that, according to the face of United States Patent No. 11,122,357 ("the '357 Patent"), the '357 Patent issued on September 14, 2021 and is titled "Forming Virtual

Microphone Arrays Using Dual Omnidirectional Microphone Array (DOMA)."  Amazon denies any and all remaining allegations in Paragraph 23.

24.     Amazon admits that, according to the face of United States Patent No. 8,467,543 ("the '543 Patent"), the '543 Patent issued on June 18, 2013 and is titled "Microphone and Voice Activity Detection (VAD) Configurations For Use with Communication Systems."  Amazon denies any and all remaining allegations in Paragraph 24.

25.     Amazon admits that, according to the face of United States Patent No. 8,503,691 ("the '691 Patent"), the '691 Patent issued on August 6, 2013 and is titled "Virtual Microphone Arrays Using Dual Omnidirectional Microphone Array (DOMA)." Amazon denies any and all remaining allegations in Paragraph 25.

26.     Amazon is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 and, therefore, denies the same.

27.     Amazon is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 and, therefore, denies the same.

28.     Amazon is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, denies the same.[4]

29.     Amazon is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 and, therefore, denies the same.

30.     Amazon admits that the websites https://www.worldipreview.com/news/ apple-google-and-fitbit-touted-to-acquire-jawbone-patents-14322     and     https://www.glpi. com.br/en/apple-google-and-fitbit-touted-to-acquire-jawbone-patents/ state "A host of technology companies including Apple, Samsung, Google, LG and Fitbit have been identified as potential buyers  of  Jawbone's  US  patents."  Amazon  admits  that  the  website http://patentvue.com/2017/07/11/jawbone-patents-could-be-leveraged-by-a-competitor/     states "With respect to potential acquirers, the major wearable device and smartwatch manufacturers,

---

[4] The link identified in footnote 7 is not a factual allegation by JI and thus requires no response. To the extent a response is required, Amazon denies the allegations.

Apple, Google, Samsung, LG, and of course FitBit may be natural candidates." Amazon is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations in Paragraph 30 and, therefore, denies the same.[5]

31.     Amazon admits that it has had notice of the '091 Patent, '058 Patent, '072 Patent, '213 Patent, '611 Patent, '357 Patent, and '543 Patent since service of the Original Complaint. Amazon denies any and all remaining allegations in Paragraph 31.

32.     Amazon denies the allegations in Paragraph 32.

## INFRINGEMENT ALLEGATIONS

33.     Amazon admits that, according to the face of the '091 Patent, Dr. Gregory C. Burnett and Eric F. Brietfeller are the named inventors. Amazon admits that, according to the face of the '058 Patent, Dr. Gregory C. Burnett is the named inventor. Amazon is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations in Paragraph 33 and, therefore, denies the same.

34.     Amazon is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 and, therefore, denies the same.

35.     Amazon admits that, through its subsidiaries, it sells Amazon Echo products. Amazon further admits that the at least some Amazon Echo products include multiple microphones, an accelerometer, and a Realtek RTL8763C and/or an NXP Digital Signal Processor. Amazon denies any and all remaining allegations in Paragraph 35.[6]

36.     Amazon admits that, according to the face of the '072 patent, Dr. Gregory C. Burnett is the named inventor. Amazon is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations in Paragraph 36 and, therefore, denies the same.

---

[5] The links identified in footnote 8 are not factual allegations by JI and thus require no response. To the extent a response is required, Amazon denies the allegations.

[6] The links identified in footnotes 9 and 10 are not factual allegations by JI and thus require no response.

37.     Amazon admits that, through its subsidiaries, it sells Amazon Echo products, and that at least some of the Echo products include multiple microphones and beamforming processes. Amazon denies any and all remaining allegations in Paragraph 37.[7]

38.     Amazon admits that, according to the face of the '611 Patent, Dr. Gregory C. Burnett, Nicholas Petit, and Zhinian Jing are the named inventors.  Amazon further admits that, according to the face of the '213 Patent, Dr. Gregory C. Burnett, Nicholas Petit, and Zhinian Jing are the named inventors. Amazon is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations in Paragraph 38 and, therefore, denies the same.

39.     Amazon admits that, through its subsidiaries, it sells Amazon Echo products and that at least some of the Echo products include beamforming processes.  Amazon denies any and all remaining allegations in Paragraph 39.[8]

40.     Amazon admits that, according to the face of the '080 Patent, Dr. Gregory C. Burnett is the named inventor.  Amazon is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations in Paragraph 40 and, therefore, denies the same.

41.     Amazon admits that, through its subsidiaries, it sells Amazon Echo products. Amazon further admits that at least some Echo Buds contain multiple microphones and a Realtek RTL8763C and/or NXP Digital Signal Processor and that at least some Amazon Echo smart speakers contain multiple microphones and a Texas Instruments DM3725CUS100 Digital Media Processor.  Amazon denies any and all remaining allegations in Paragraph 41.[9]

42.     Amazon admits that, according to the face of the '357 patent, Dr. Gregory C. Burnett is the named inventor.  Amazon is without sufficient knowledge or information to form a belief as to the truth of any remaining allegations in Paragraph 42 and, therefore, denies the same.

---

[7] The links identified in footnotes 11, 12, and 13 are not factual allegations and thus require no response.
[8] The link identified in footnote 14 is not a factual allegation and thus requires no response.
[9] The links identified in footnotes 15 and 16 are not factual allegations and thus require no response.

43.     Amazon admits that, through its subsidiaries, it sells Amazon Echo products and that at least some of the Echo products contain multiple microphones.  Amazon denies any and all remaining allegations in Paragraph 43.[10]

44.     Amazon admits that, according to the face of the '543 Patent, Dr. Gregory C. Burnett, Nicholas Petit, Alexander M. Asseily, and Andrew E. Einaudi are the named inventors. Amazon denies any and all remaining allegations in Paragraph 44 and, therefore, denies the same.

45.     Amazon admits that, through its subsidiaries, it sells Amazon Echo products, including the Echo Buds.  Amazon denies any and all remaining allegations in Paragraph 45.[11]

46.     Amazon admits that, through its subsidiaries, it sells Echo products and the Amazon Fire TV Cube.  Amazon denies any and all remaining allegations in Paragraph 46.

47.     Amazon is without sufficient knowledge or information to form a belief as to the truth the allegations in Paragraph 47 and, therefore, denies the same.

## COUNT I

### (Infringement of the '091 Patent)

48.     Amazon repeats and incorporates by reference its responses in Paragraphs 1-47 above, as if fully set forth herein.

49.     Amazon admits that it has not entered into a license agreement with JI. Amazon denies any and all remaining allegations in Paragraph 49.

50.     Amazon denies the allegations in Paragraph 50.

51.     Amazon denies the allegations in Paragraph 51.

52.     Amazon denies the allegations in Paragraph 52.

53.     Amazon denies the allegations in Paragraph 53.

54.     Amazon denies the allegations in Paragraph 54.

---

[10] The links identified in footnotes 17, 18, and 19 are not factual allegations and thus require no response.

[11] The links identified in footnotes 20, 21, and 22 are not factual allegations and thus require no response.

55.     Amazon admits that at least some Echo Buds include a Realtek RTL8763C and NXP Digital Signal Processor.  Amazon denies any and all remaining allegations in Paragraph 55.

56.     Amazon denies the allegations in Paragraph 56.

57.     Amazon denies the allegations in Paragraph 57.

58.     Amazon denies the allegations in Paragraph 58.

59.     Amazon denies the allegations in Paragraph 59.

60.     Amazon denies the allegations in Paragraph 60.

61.     Amazon denies the allegations in Paragraph 61.

62.     Amazon denies the allegations in Paragraph 62.

63.     Amazon denies the allegations in Paragraph 63.

<u>**COUNT II**</u>

**(Infringement of the '058 Patent)**

64.     Amazon repeats and incorporates by reference its responses in Paragraphs 1-47 above, as if fully set forth herein.

65.     Amazon admits that it has not entered into a license agreement with JI. Amazon denies any and all remaining allegations in Paragraph 65.

66.     Amazon denies the allegations in Paragraph 66.

67.     Amazon denies the allegations in Paragraph 67.

68.     Amazon admits that at least some Echo Buds include at least two microphones. Amazon denies any and all remaining allegations in Paragraph 68.

69.     Amazon denies the allegations in Paragraph 69.

70.     Amazon denies the allegations in Paragraph 70.

71.     Amazon denies the allegations in Paragraph 71.

72.     Amazon denies the allegations in Paragraph 72.

73.     Amazon denies the allegations in Paragraph 73.

74.     Amazon denies the allegations in Paragraph 74.

75.     Amazon denies the allegations in Paragraph 75.

76.     Amazon denies the allegations in Paragraph 76.

77.     Amazon denies the allegations in Paragraph 77.

78.     Amazon denies the allegations in Paragraph 78.

79.     Amazon denies the allegations in Paragraph 79.

80.     Amazon denies the allegations in Paragraph 80.

## COUNT III

### (Infringement of the '072 Patent)

81.     Amazon repeats and incorporates by reference its responses in Paragraphs 1-47 above, as if fully set forth herein.

82.     Amazon admits that it has not entered into a license agreement with JI. Amazon denies any and all remaining allegations in Paragraph 82.

83.     Amazon denies the allegations in Paragraph 83.

84.     Amazon denies the allegations in Paragraph 84.

85.     Amazon denies the allegations in Paragraph 85.

86.     Amazon denies the allegations in Paragraph 86.

87.     Amazon denies the allegations in Paragraph 87.

88.     Amazon denies the allegations in Paragraph 88.

89.     Amazon denies the allegations in Paragraph 89.

90.     Amazon denies the allegations in Paragraph 90.

91.     Amazon denies the allegations in Paragraph 91.

92.     Amazon denies the allegations in Paragraph 92.

## COUNT IV

### (Infringement of the '213 Patent)

93.     Amazon repeats and incorporates by reference its responses in Paragraphs 1-47 above, as if fully set forth herein.

94.     Amazon admits that it has not entered into a license agreement with JI. Amazon denies any and all remaining allegations in Paragraph 94.

95.     Amazon denies the allegations in Paragraph 95.

96.     Amazon denies the allegations in Paragraph 96.

97.     Amazon denies the allegations in Paragraph 97.

98.     Amazon denies the allegations in Paragraph 98.

99.     Amazon denies the allegations in Paragraph 99.

100.    Amazon denies the allegations in Paragraph 100.

101.    Amazon denies the allegations in Paragraph 101.

102.    Amazon denies the allegations in Paragraph 102.

103.    Amazon denies the allegations in Paragraph 103.

104.    Amazon denies the allegations in Paragraph 104.

105.    Amazon denies the allegations in Paragraph 105.

## COUNT V

### (Infringement of the '611 Patent)

106.    Amazon repeats and incorporates by reference its responses in Paragraphs 1-47 above, as if fully set forth herein.

107.    Amazon admits that it has not entered into a license agreement with JI. Amazon denies any and all remaining allegations in Paragraph 107.

108.    Amazon denies the allegations in Paragraph 108.

109.    Amazon denies the allegations in Paragraph 109.

110.    Amazon denies the allegations in Paragraph 110.

111.    Amazon denies the allegations in Paragraph 111.

112.    Amazon denies the allegations in Paragraph 112.

113.    Amazon denies the allegations in Paragraph 113.

114.    Amazon denies the allegations in Paragraph 114.

115.    Amazon denies the allegations in Paragraph 115.

116.    Amazon denies the allegations in Paragraph 116.

117.    Amazon denies the allegations in Paragraph 117.

118.    Amazon denies the allegations in Paragraph 118.

119.    Amazon denies the allegations in Paragraph 119.

## COUNT VI

### (Infringement of the '080 Patent)

120.    Amazon repeats and incorporates by reference its responses in Paragraphs 1-47 above, as if fully set forth herein.

121.    Amazon admits that it has not entered into a license agreement with JI. Amazon denies any and all remaining allegations in Paragraph 121.

122.    Amazon denies the allegations in Paragraph 122.

123.    Amazon denies the allegations in Paragraph 123.

124.    Amazon denies the allegations in Paragraph 124.

125.    Amazon denies the allegations in Paragraph 125.

126.    Amazon denies the allegations in Paragraph 126.

127.    Amazon denies the allegations in Paragraph 127.

128.    Amazon denies the allegations in Paragraph 128.

129.    Amazon denies the allegations in Paragraph 129.

130.    Amazon denies the allegations in Paragraph 130.

131.    Amazon denies the allegations in Paragraph 131.

132.    Amazon denies the allegations in Paragraph 132.

133.    Amazon denies the allegations in Paragraph 133.

134.    Amazon denies the allegations in Paragraph 134.

## COUNT VII

### (Infringement of the '357 Patent)

135.    Amazon repeats and incorporates by reference its responses in Paragraphs 1-47 above, as if fully set forth herein.

136.    Amazon admits that it has not entered into a license agreement with JI. Amazon denies any and all remaining allegations in Paragraph 136.

137.    Amazon denies the allegations in Paragraph 137.

138.    Amazon denies the allegations in Paragraph 138.

139.    Amazon denies the allegations in Paragraph 139.

140.    Amazon denies the allegations in Paragraph 140.

141.    Amazon denies the allegations in Paragraph 141.

142.    Amazon denies the allegations in Paragraph 142.

143.    Amazon denies the allegations in Paragraph 143.

144.    Amazon denies the allegations in Paragraph 144.

145.    Amazon denies the allegations in Paragraph 145.

146.    Amazon denies the allegations in Paragraph 146.

147.    Amazon denies the allegations in Paragraph 147.

## COUNT VIII

### (Infringement of the '543 Patent)

148.    Amazon repeats and incorporates by reference its responses in Paragraphs 1-47 above, as if fully set forth herein.

149.    Amazon admits that it has not entered into a license agreement with JI. Amazon denies any and all remaining allegations in Paragraph 149.

150.    Amazon denies the allegations in Paragraph 150.

151.    Amazon denies the allegations in Paragraph 151.

152.    Amazon denies the allegations in Paragraph 152.

153.    Amazon denies the allegations in Paragraph 153.

154.    Amazon denies the allegations in Paragraph 154.

155.    Amazon denies the allegations in Paragraph 155.

156.    Amazon denies the allegations in Paragraph 156.

157.    Amazon denies the allegations in Paragraph 157.

158.    Amazon denies the allegations in Paragraph 158.

159.    Amazon denies the allegations in Paragraph 159.

160.    Amazon denies the allegations in Paragraph 160.

161.    Amazon denies the allegations in Paragraph 161.

162.    Amazon denies the allegations in Paragraph 162.

163.    Amazon denies the allegations in Paragraph 163.

164.    Amazon denies the allegations in Paragraph 164.

## COUNT IX

### (Infringement of the '691 Patent)

165.    Amazon repeats and incorporates by reference its responses in Paragraphs 1-47 above, as if fully set forth herein.

166.    Amazon admits that it has not entered into a license agreement with JI. Amazon denies any and all remaining allegations in Paragraph 166.

167.    Amazon denies the allegations in Paragraph 167.

168.    Amazon denies the allegations in Paragraph 168.

169.    Amazon denies the allegations in Paragraph 169.

170.    Amazon denies the allegations in Paragraph 170.

171.    Amazon denies the allegations in Paragraph 171.

172.    Amazon denies the allegations in Paragraph 172.

173.    Amazon denies the allegations in Paragraph 173.

174.    Amazon denies the allegations in Paragraph 174.

175.    Amazon denies the allegations in Paragraph 175.

176.    Amazon denies the allegations in Paragraph 176.

177.    Amazon denies the allegations in Paragraph 177.

178.    Amazon denies the allegations in Paragraph 178.

179.    Amazon denies the allegations in Paragraph 179.

180.    Amazon denies the allegations in Paragraph 180.

181.    Amazon denies that JI is entitled to the relief it seeks in the Complaint, or any other relief.  Amazon denies each and every allegation in the prayer for relief.

182.     Amazon denies each allegation in the Complaint which it does not specifically admit above.

## DEFENSES

183.     Without prejudice to the denials set forth in its responses to Paragraphs 1 through 182 and A through J (of the Prayer for Relief) in the Complaint, and without undertaking any of the burdens imposed by law on JI, Amazon asserts the following defenses to the Complaint. Amazon expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### FIRST DEFENSE

### (Non-infringement of the '091 Patent)

184.     Amazon does not infringe, induce infringement of, and/or contribute to the infringement of any valid, enforceable claim of the '091 Patent, either literally or under the doctrine of equivalents.

### SECOND DEFENSE

### (Non-infringement of the '058 Patent)

185.     Amazon does not infringe, induce infringement of, and/or contribute to the infringement of any valid, enforceable claim of the '058 Patent, either literally or under the doctrine of equivalents.

### THIRD DEFENSE

### (Non-infringement of the '072 Patent)

186.     Amazon does not infringe, induce infringement of, and/or contribute to the infringement of any valid, enforceable claim of the '072 Patent, either literally or under the doctrine of equivalents.

**FOURTH DEFENSE**

**(Non-infringement of the '213 Patent)**

187.    Amazon does not infringe, induce infringement of, and/or contribute to the infringement of any valid, enforceable claim of the '213 Patent, either literally or under the doctrine of equivalents.

**FIFTH DEFENSE**

**(Non-infringement of the '611 Patent)**

188.    Amazon does not infringe, induce infringement of, and/or contribute to the infringement of any valid, enforceable claim of the '611 Patent, either literally or under the doctrine of equivalents.

**SIXTH DEFENSE**

**(Non-infringement of the '080 Patent)**

189.    Amazon does not infringe, induce infringement of, and/or contribute to the infringement of any valid, enforceable claim of the '080 Patent, either literally or under the doctrine of equivalents.

**SEVENTH DEFENSE**

**(Non-infringement of the '357 Patent)**

190.    Amazon does not infringe, induce infringement of, and/or contribute to the infringement of any valid, enforceable claim of the '357 Patent, either literally or under the doctrine of equivalents.

**EIGHTH DEFENSE**

**(Non-infringement of the '543 Patent)**

191.    Amazon does not infringe, induce infringement of, and/or contribute to the infringement of any valid, enforceable claim of the '543 Patent, either literally or under the doctrine of equivalents.

**NINTH DEFENSE**

**(Invalidity of the '691 Patent)**

192.    Amazon does not infringe, induce infringement of, and/or contribute to the infringement of any valid, enforceable claim of the '691  Patent, either literally or under the doctrine of equivalents.

**TENTH DEFENSE**

**(Invalidity of the '091 Patent)**

193.    One or more claims of the '091 Patent is invalid for failure to comply with one or more of the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidity or unenforceability.

**ELEVENTH DEFENSE**

**(Invalidity of the '058 Patent)**

194.    One or more claims of the '058 Patent is invalid for failure to comply with one or more of the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidity or unenforceability.

**TWELFTH DEFENSE**

**(Invalidity of the '072 Patent)**

195.    One or more claims of the '072 Patent is invalid for failure to comply with one or more of the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidity or unenforceability.

**THIRTEENTH DEFENSE**

**(Invalidity of the '213 Patent)**

196.    One or more claims of the '213 Patent is invalid for failure to comply with one or more of the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidity or unenforceability.

## FOURTEENTH DEFENSE

### (Invalidity of the '611 Patent)

197.    One or more claims of the '611 Patent is invalid for failure to comply with one or more of the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidity or unenforceability.

## FIFTEENTH DEFENSE

### (Invalidity of the '080 Patent)

198.    One or more claims of the '080 Patent is invalid for failure to comply with one or more of the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidity or unenforceability.

## SIXTEENTH DEFENSE

### (Invalidity of the '357 Patent)

199.    One or more claims of the '357 Patent is invalid for failure to comply with one or more of the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidity or unenforceability.

## SEVENTEENTH DEFENSE

### (Invalidity of the '543 Patent)

200.    One or more claims of the '543 Patent is invalid for failure to comply with one or more of the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112, or other judicially-created bases for invalidity or unenforceability.

## EIGHTEENTH DEFENSE

### (Invalidity of the '691 Patent)

201.    One or more claims of the '691 Patent is invalid for failure to comply with one or more of the conditions for patentability specified in one or more of 35 U.S.C. §§ 101, 102, 103 and/or 112, or other judicially-created bases for invalidity or unenforceability.

**NINETEENTH DEFENSE**

**(Prosecution History Estoppel)**

202.    JI's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer due to admissions, amendments, arguments, and/or other representations made to the United States Patent and Trademark Office during the prosecution of the applications leading to the issuance of, or related to, the asserted Patents.

**TWENTIETH DEFENSE**

**(Unavailability of Injunctive Relief)**

203.    JI is not entitled to injunctive relief, as a matter of law, and cannot satisfy the requirements applicable to injunctive relief in any form.

**TWENTY-FIRST DEFENSE**

**(Limitation on Damages and Costs)**

204.    JI's claim for damages is barred, in whole or in part, by 35 U.S.C. §§ 286 or 287. To the extent any claim of the asserted Patents is invalid, JI is barred from recovering costs by 35 U.S.C. § 288.

**TWENTY-SECOND DEFENSE**

**(Not an Exceptional Case)**

205.    JI is not entitled to a finding that this case is exceptional or to attorneys' fees under 35 U.S.C. § 285, or pursuant to this Court's inherent power.

**TWENTY-THIRD DEFENSE**

**(Inequitable Conduct and Unenforceability)**

**The Prosecution of the '357 Patent**

206.    The '357 patent issued from U.S. Patent Application No. 13/959,708 ("the '708 application"). The '708 application was filed on August 5, 2013.

207.    On November 21, 2016, the United States Patent and Trademark Office ("USPTO") issued a Notice of Allowance for the '708 application.

208.    On March 10, 2017, the USPTO issued a Notice of Abandonment for the '708 application.   The reason for abandonment indicated on the Notice of Abandonment was "Applicant's failure to timely pay the required issue fee and publication fee, if applicable, within the statutory period of three months from the mailing date of the Notice of Allowance (PTOL-85)."

209.    On March 30, 2021, attorney Kinza Hecht from Hard IP LLC submitted to the USPTO a petition to revive the '708 application.   Hecht submitted the petition pursuant to 37 C.F.R. 1.137, which allows the USPTO to revive an application only if the abandonment of the application was "unintentional."

210.    With the petition, Hecht submitted an affidavit from Michael Luna purporting to show that the abandonment of the '708 application was unintentional.   Luna's affidavit identifies him as the Chief Technology Officer (CTO) of ALIPHCOM, which owned the '708 application at the time it was abandoned.

211.    Luna's affidavit states that he was "responsible for management of ALIPHCOM's intellectual property portfolio."   It further states that he "instructed Kokka and Baccus, LLC and CPA Global to employ procedures to ensure that patent applications (including the above-identified application) were, on a timely basis, diligently prosecuted and that fees were paid."

212.    Luna's affidavit states that, during prosecution of the '708 application, "funds were no longer available to ALIPHCOM to pay Kokka and Baccus, LLC and CPA Global for their fees."   It further states that "[a]s a result," the '708 application "went abandoned."   Finally, Luna's affidavit states that "[a]t no point did I intend to allow the above-referenced patent application to go abandoned."

213.    On information and belief, prosecuting attorney Scott S. Kokka made an intentional decision not to timely pay the issue fee in 2016 or 2017.   Kokka has been a registered patent attorney since 2002, and had more than a decade of patent-prosecution experience by 2016.   His regular practice was to carefully monitor USPTO deadlines, and to take all required actions before the statutory deadlines.   On information and belief, his failure to timely pay the issue fee for the

'708 application before the statutory deadline was the result of an intentional decision based on his client's financial condition and/or his client's express instructions.

214.   Kokka received the Notice of Abandonment for the '708 application in March 2017 and, on information and belief, intentionally decided to do nothing about it, thereby allowing the application to remain abandoned.

215.   On information and belief, Michael Luna was aware of the intentional decision by Kokka to allow the '708 application to go abandoned and/or remain abandoned.  Luna deceptively chose not to disclose this intentional decision by Kokka in the affidavit he submitted in support of the revival petition.

216.   On information and belief, Hecht either spoke to Kokka, and knew that he made an intentional decision to abandon the '708 application (and allow it to remain abandoned), or did not speak with him, and therefore knew that she had no basis to conclude the delay was unintentional. By representing that the entire delay was unintentional while knowing that this representation was false or unsupported, Hecht deceived the USPTO.

217.   If the USPTO had known that the abandonment of the '708 application was intentional, it would not have granted the revival petition and the '357 patent would not have issued.

218.   For these reasons, every claim of the '357 patent in unenforceable.

### The Prosecution of the '080 Patent

219.   The '080 patent issued from U.S. Patent Application No. 13/948,160 ("the '160 application").  The '160 application was filed on July 22, 2013.

220.   On August 12, 2016, the USPTO issued a Notice of Allowance for the '160 application.

221.   On December 1, 2016, the USPTO issued a Notice of Abandonment for the '160 application.   The reason for abandonment indicated on the Notice of Abandonment was "[a]pplicant's failure to timely pay the required issue fee and publication fee, if applicable, within

the statutory period of three months from the mailing date of the Notice of Allowance (PTOL-85)."

222.   On August 10, 2020, attorney Kinza Hecht from Hard IP LLC submitted to the USPTO a petition to revive the '160 application.  Hecht submitted the petition pursuant to 37 C.F.R. 1.137, which allows the USPTO to revive an application only if the abandonment of the application was "unintentional."

223.   In the petition, Hecht represented to the USPTO that the entire delay between the failure to timely pay the issue fee and the petition for revival was unintentional.

224.   At the time of the abandonment, the applicant was represented by prosecuting attorney Scott S. Kokka.  On information and belief, Kokka made an intentional decision not to timely pay the issue fee in 2016.  Kokka has been a registered patent attorney since 2002, and had more than a decade of patent-prosecution experience by 2016.  His regular practice was to carefully monitor USPTO deadlines, and to take all required actions before the statutory deadlines.  On information and belief, his failure to timely pay the issue fee for the '160 application before the statutory deadline was the result of an intentional decision based on his client's financial condition and/or his client's express instructions.

225.   Kokka received the Notice of Abandonment for the '160 application in December 2016 and, on information and belief, intentionally decided to do nothing about it, thereby allowing the application to remain abandoned.

226.   On information or belief, Hecht either spoke to Kokka, and knew that he made an intentional decision to abandon the '160 application, or did not speak with him, and therefore knew that she had no basis to conclude that the delay was unintentional.  By representing that the entire delay was unintentional while knowing that this representation was false or unsupported, Hecht deceived the USPTO.

227.   If the USPTO had known that Hecht had no factual basis for her representation that the delay was unintentional, it would not have granted the revival petition and the '080 patent would never have issued.

228.    For these reasons, every claim of the '080 patent in unenforceable.

### TWENTY-FOURTH DEFENSE

### (Equitable Estoppel)

229.    JI's claims are barred by equitable estoppel.

### TWENTY-FIFTH DEFENSE

### (Other Equitable Defenses)

230.    JI's claims are barred, in whole or in part, by equitable defenses including but not limited to waiver, implied license, and/or unclean hands.

### TWENTY-SIXTH DEFENSE

### (Unlawful Revival)

231.    Under 35 U.S.C. § 27, the USPTO Director may revive unintentionally abandoned patent applications.  However, the Director has no authority to revive intentionally abandoned applications.

232.    On information and belief, the applications that led to the '357 patent and '080 patent were intentionally abandoned.

233.     Because the Director had no legal authority to revive the abandoned applications, all patent claims that issued from those applications are invalid and/or unenforceable.

### PRAYER FOR RELIEF

1.    Amazon specifically requests the following relief:

A.    A judgment in favor of Defendants denying JI all relief requested in its complaint and dismissing its complaint with prejudice;

B.    That a judgment be entered that Defendants have not infringed, do not infringe, do not induce infringement of and do not contribute to the infringement of any valid and enforceable claim of the '091 Patent;

C.    That a judgment be entered that one or more claims of the '091 Patent are invalid;

D.     That a judgment be entered that Defendants have not infringed, do not infringe, do not induce infringement of and do not contribute to the infringement of any valid and enforceable claim of the '058 Patent;

E.     That a judgment be entered that one or more claims of the '058 Patent are invalid;

F.     That a judgment be entered that Defendants have not infringed, do not infringe, do not induce infringement of and do not contribute to the infringement of any valid and enforceable claim of the '072 Patent;

G.     That a judgment be entered that one or more claims of the '072 Patent are invalid;

H.     That a judgment be entered that Defendants have not infringed, do not infringe, do not induce infringement of and do not contribute to the infringement of any valid and enforceable claim of the '213 Patent;

I.     That a judgment be entered that one or more claims of the '213 Patent are invalid;

J.     That a judgment be entered that Defendants have not infringed, do not infringe, do not induce infringement of and do not contribute to the infringement of any valid and enforceable claim of the '611 Patent;

K.     That a judgment be entered that one or more claims of the '611 Patent are invalid;

L.     That a judgment be entered that Defendants have not infringed, do not infringe, do not induce infringement of and do not contribute to the infringement of any valid and enforceable claim of the '080 Patent;

M.     That a judgment be entered that one or more claims of the '080 Patent are invalid;

N.     That a judgment be entered declaring the '080 Patent unenforceable due to inequitable conduct;

O.      That a judgment be entered that Defendants have not infringed, do not infringe, do not induce infringement of and do not contribute to the infringement of any valid and enforceable claim of the '357 Patent;

P.      That a judgment be entered that one or more claims of the '357 Patent are invalid;

Q.      That a judgment be entered declaring the '357 Patent unenforceable due to inequitable conduct;

R.      That a judgment be entered that Defendants have not infringed, do not infringe, do not induce infringement of and do not contribute to the infringement of any valid and enforceable claim of the '543 Patent;

S.      That a judgment be entered that one or more claims of the '543 Patent are invalid;

T.      That a judgment be entered that Defendants have not infringed, do not infringe, do not induce infringement of and do not contribute to the infringement of any valid and enforceable claim of the '691 Patent;

U.      That a judgment be entered that one or more claims of the '691 Patent are invalid.

V.      That a judgment be entered that this action is an exceptional case within the meaning of 35 U.S.C. § 285 and that Amazon is entitled to recover its reasonable attorneys' fees upon prevailing in this action;

W.      That Amazon be awarded costs, attorneys' fees and other relief, both legal and equitable, to which it is justly entitled; and

X.      That Amazon be awarded such other and further relief as is just and proper.

## **DEMAND FOR A JURY TRIAL**

2.      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule CV-38, Amazon respectfully demands a trial by jury as to all triable issues raised by the pleadings.

Respectfully submitted,


Dated:  March 15, 2022                    By: */s/ Colin B. Heideman*

**THE DACUS FIRM, P.C.**
Deron Dacus
ddacus@dacusfirm.com
State Bar No. 00790553
821 ESE Loop 323, Suite 430
Tyler, Texas 75701
Telephone: (903) 705-1117
Facsimile: (903) 581-2543

**KNOBBE MARTENS OLSON & BEAR LLP**

Colin B. Heideman (*Pro Hac Vice*)
colin.heideman@knobbe.com
WA State Bar No. 44873
Logan P. Young (*Pro Hac Vice*)
logan.young@knobbe.com
WA State Bar No. 58583
925 Fourth Avenue, Suite 2500
Seattle, WA  98104
Telephone: (206) 405-2000
Facsimile: (206) 405-2001

Joseph R. Re (*Pro Hac Vice*)
joe.re@knobbe.com
CA State Bar No. 134479
Jeremy A. Anapol (*Pro Hac Vice*)
jeremy.anapol@knobbe.com
CA State Bar No. 285828
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Counsel for Defendants
AMAZON.COM, INC. and
AMAZON.COM SERVICES, INC.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 15, 2022, a true and correct copy of the foregoing document was served upon all known counsel of record via **CM/ECF** in accordance with the Federal Rules of Civil Procedure.

Dated:  March 15, 2022                                 By: <u>/s/ *Colin B. Heideman*                    </u>

55003343